Adel, Sneed and Mac-Crate, JJ., concur; Johnston, J., concurs in part but dissents from so much of the determination as affirms the recovery of treble damages for the payments of excess rent and votes to reverse the judgment and to grant a new trial as to that item on the ground that the verdict with respect thereto is against the weight of the evidence. Under the provisions of subdivision (b) of section 204 of the Housing and Rent Act of 1947, the lease voluntarily entered into between the- parties providing for an increased rental was valid, if a true and duly executed copy of the lease were filed, within fifteen days after the execution of the lease, with the Housing Expediter. Approval of the increase by the Housing Expediter was not required. Under these circumstances, the mere failure to file the lease with the Housing Expediter within fifteen days after its execution and the subsequent collection of the increased rent may not serve as a basis for a finding that the violation was willful or the result of failure on the part of defendant to take practicable precautions against the occurrence of the violation sufficient to justify the recovery of treble damages *1096 under the provisions of section 205 of the act. The only recovery permissible was the actual amount of the -overcharge plus a counsel fee. The overcharge for nine months is $83.70. Wenzel, J., concurs with Johnston, J.